## Pennsylvania Dri-Built Housing Corporation v. Borough of Emporium

*Driscoll, Gregory & Coppolo* and *Edwin W. Tompkins*, for plaintiff.

*John D. Gresimer*, for defendant.

HIPPLE, P. J., March 22, 1951.—On July 10, 1950, the Council of Emporium Borough enacted an ordinance known as ordinance 179, and cited as Emporium Interim Zoning Ordinance of 1950, dividing Emporium Borough into three districts designated as residence

districts, commercial districts and industrial districts. The ordinance provided that the boundaries of these districts should be shown upon a map attached to the ordinance designated as the "Zoning Map", the map and any notations shown thereon to be as much a part of the ordinance as if they had been fully described in the ordinance itself.

Plaintiff-petitioner acquired by assignment an option agreement for the purchase of certain land in Emporium Borough, and subsequent thereto on November 13, 1950, made application to the zoning officer of the borough for a permit to construct a 24-family multiple housing unit upon this land. On November 17, 1950, defendant notified plaintiff-petitioner that such permit was in conflict with certain sections of the zoning ordinance because multiple dwellings were allowed only when authorized as a special exception by the board of adjustment, and the application had been referred to the board of adjustment for a hearing. These hearings were held on December 8, December 11 and December 18, 1950, as a result of which the board of adjustment refused to grant a building permit for various reasons, and therefore plaintiff-petitioner was prevented from constructing the multiple housing unit on the premises in question.

On February 5, 1951, plaintiff-petitioner presented its petition for a declaratory judgment under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, as amended, 12 PS §§831-846, in which the court was asked to construe the ordinance and determine whether or not it was valid or enforcible.

Plaintiff-petitioner averred that the ordinance was invalid and unenforcible for various reasons, among which was that defendant failed to file a copy of the zoning ordinance, together with a map or plan indicating the areas or zones of the borough affected by the ordinance in the office of the Recorder of Deeds of

Cameron County. Defendant filed an answer raising questions of law and with relation to the particular averment above stated, alleged that, as a matter of law, the filing of a copy of the ordinance together with a map or plan in the office of the Recorder of Deeds of Cameron County was not required by law.

Argument was heard on March 19, 1951, at which time it was admitted that no copy of the ordinance or map had been filed in the office of the recorder of deeds until February 26, 1951, and since we believe this is decisive of the issue, it is not necessary to consider the other questions involved.

The Act of May 14, 1949, P. L. 1340, 53 PS §261, effective May 14, 1949, provides in section 1 that every political subdivision of this Commonwealth authorized by law to adopt zoning ordinances restricting, regulating or otherwise affecting the use of real estate located within the boundaries of such political subdivision shall file a copy of any such ordinance or amendment thereto, certified to be true and correct by the proper officer, in the office for the recording of deeds of the county wherein the political subdivision is situate, together with a map or plan of the political subdivision or part thereof clearly delineating the affected areas or zones with a brief statement of the type or kind of restriction or regulation for each area or zone.

By section 2 it is provided that no zoning ordinance hereafter adopted by any political subdivision nor amendment to an existing zoning ordinance shall become effective until the political subdivision adopting the same shall have complied with the provisions of the act and in section 3, that it is the duty of the recorder of deeds to provide a suitable "Zoning Ordinance and Map" book or books, and to maintain an adequate index as part of the same in which the filed

copy of any such zoning ordinance and amendments thereto, together with the map or plan of the political subdivision or part thereof shall be kept.

Since no copy of defendant's zoning ordinance together with a map clearly delineating the affected areas or zones was recorded, as provided by the Act of 1949, the ordinance enacted by the council of defendant borough, known as ordinance no. 179 and cited as Emporium Interim Zoning Ordinance of 1950, was not in effect and was invalid from the date of its enactment. Therefore, the action of the borough zoning officer and the board of adjustment in refusing a building permit to plaintiff-petitioner was illegal and of no effect, and could not prevent plaintiff-petitioner from building the multiple housing unit upon the land described in the petition.

When this matter was argued on March 19, 1951, there was produced from the office of the Recorder of Deeds of Cameron County a map and a copy of the ordinance, but it was admitted there was no book in which the filed copy of the ordinance, together with the map, was inserted, kept or indexed, as provided by section 3 of the Act of 1949. It was stated that the copy of the ordinance and the map, produced in court, were found in a drawer in the recorder's office. Since there was no "Zoning Ordinance and Map Book" in the recorder's office in which the filed copy of the zoning ordinance and map were kept, together with an adequate index as part of the same, the mere filing of the zoning ordinance and map as of February 26, 1951, is not a compliance with the Act of 1949, and therefore the zoning ordinance is not effective until the ordinance and the map are kept in the book required by the act together with an adequate index as a part of the same.

The purpose of the Act of 1949 is to furnish information to persons searching titles in a political subdivision in which there is a zoning ordinance concern-

ing any restrictions, regulations, or uses of real estate located within any areas or zones included in a zoning ordinance. The conclusion therefore logically follows that the provisions of the Act of 1949 must be strictly complied with before any zoning ordinance becomes effective or is valid.

### Decree

Now, March 22, 1951, it is decreed that the ordinance enacted by the Council of Emporium Borough known as ordinance no. 179 and cited as Emporium Interim Zoning Ordinance of 1950, is invalid and unenforcible against plaintiff-petitioner or any other person until the provisions of the Act of May 14, 1949, P. L. 1340, 53 PS §261, are complied with.